UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIAM MUDD, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 3:21-cv-402 |
| LOUDON COUNTY, JAKE KEENER, DEPUTY HARRISON, DEPUTY PHILLIPS, DEPUTY HICKS, DEPUTY CASH, TIM GUIDER, JIMMY DAVIS, and TONY ARDEN, | ) ) ) ) ) ) | Judge Atchley<br><br>Magistrate Judge McCook |
| *Defendants*. | ) | |

## **MEMORANDUM OPINION**

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On January 20, 2023, the Court entered an order noting that Plaintiff had failed to timely file his pretrial narrative statement and requiring Plaintiff to show good cause as to why the Court should not dismiss this action due to his failure to prosecute and failure to comply with a Court order [Doc. 42]. Plaintiff responded to this motion by filing a motion for extension of time to file his pretrial narrative statement in which he noted that he would get out of jail on February 26, 2023 [Doc. 43]. The Court granted this motion in part to the extent that it allowed Plaintiff up to and including March 7, 2023, to file his pretrial narrative statement but also warned Plaintiff that failure to timely comply would result in dismissal of this matter without further notice [Doc. 46 p. 2]. Plaintiff has not complied with this order by filing his pretrial narrative statement or otherwise communicated with the Court, and his time for doing so has passed. Thus, for the reasons set forth below, the Court will dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with the Court's order was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the Court's previous order but chose not to comply. The Court also notes that, despite the Court repeatedly notifying Plaintiff of both the requirement that he update the Court and Defendants as to any change in his address within fourteen days and the fact that failure to do so may result in dismissal of this case [Doc. 3 p. 1; Doc. 5 p. 3; Doc. 8 p. 2; Doc. 25 p. 3; Doc. 27 p. 4; Doc. 31 p. 1; Doc. 46 p. 2–3], more than fourteen days have passed since February 26, 2023, which is the day Plaintiff stated that he would be getting out of jail [Doc. 43 p. 1], and Plaintiff has not notified the Court of any change in his address.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendants at this time. But trial in this matter is set for June 20, 2023 [Doc. 25 p. 1], Plaintiff's pretrial narrative would contain information pertinent to

2

Defendants' preparation for trial [*Id.* at 1–2], and neither the Court nor Defendants can communicate with Plaintiff about this case without his current address.

As to the third factor, as the Court noted above, the Court warned Plaintiff that failure to timely comply with the Court's previous order would result in this action being dismissed [Doc. 46 p. 2]. Also, the Court repeatedly notified Plaintiff of the requirement that he update the Court and Defendants as to any change in his address within fourteen days and that failure to do so may result in dismissal of this case [Doc. 3 p. 1; Doc. 5 p. 3; Doc. 8 p. 2; Doc. 25 p. 3; Doc. 27 p. 4; Doc. 31 p. 1; Doc. 46 p. 2–3].

Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff is proceeding *in forma pauperis* in this action and has failed to comply with clear instructions, and it does not appear that he seeks to prosecute this action.

On balance, the Court finds that these factors support dismissal of this action under Rule 41(b). The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from updating the Court as to his address, complying with the Court's previous order, or seeking an extension of time to do so, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** pursuant to Rule 41(b), and the Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE